12-328-cv
*Duncan v. CIGNA Life Insurance Co. of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand thirteen.

PRESENT:    GUIDO CALABRESI,
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                        *Circuit Judges*,

JOSEPH E. DUNCAN,
            *Plaintiff-Appellant*

-v.-                                        No. 12-328-cv

CIGNA LIFE INSURANCE CO. OF NEW YORK,
            *Defendant-Appellee*

                        VICKIE M. DUNCAN, Esq., Lindenhurst, NY, *for Plaintiff-Appellant*.

                        EMILY A. HAYES (Fred N. Knopf & Paula J. Toomey *on the brief*), Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY, *for Defendant-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered January 9, 2012 is **AFFIRMED**.

Plaintiff-Appellant Joseph E. Duncan ("Duncan") appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), entered January 9, 2012 granting summary judgment to Defendant-Appellee CIGNA Life Insurance Co. of New York ("CLICNY") and affirming CLICNY's denial of long-term disability benefits to Duncan in this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 (2006) ("ERISA"). "We review *de novo* a district court's decision granting summary judgment in an ERISA action based on the administrative record and apply the same legal standard as the district court." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 130 (2d Cir. 2008). Where a plan gives the administrator "authority to determine eligibility for benefits or to construe the terms of the plan," we review the administrator's interpretation of benefits for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Neither party disputes that the plan's plain language confers this authority on CLICNY. On appeal, Duncan challenges several aspects of the district court's grant of summary judgment, asserting: (1) the district court applied the wrong standard of review where CLICNY exceeded the time prescribed by the ERISA regulatory guidelines to respond to Duncan's second administrative appeal; (2) CLICNY's decision to terminate Duncan's benefits was an abuse of discretion given all the evidence; (3) CLICNY's decision should be afforded less deference pursuant to our decision in *Connors v. Connecticut General Life Insurance Co.*, 272 F.3d 127 (2d Cir. 2001); and (4) CLICNY violated Duncan's rights to religious freedom by conducting surveillance on Duncan's ministering activities as a Jehovah's Witness. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

***

Duncan contends that CLICNY issued an untimely decision on his second administrative appeal when it affirmed its denial on March 15, 2010, exceeding the 90-day response time allotted to plan administrators to process claims under ERISA guidelines, *see* 29 C.F.R. § 2560.503-1(i)(1)-(3) (2012) (providing 45 days for a plan administrator to respond to a disability claimant's request for review with an additional 45 day extension should the plan administrator determine that special circumstances apply and notify the claimant of the need for additional time), and that accordingly, a *de novo* standard of review is applicable. CLICNY argues that the district court correctly determined that CLICNY substantially complied with the ERISA guidelines regarding the timing of a claimant's appeal, and therefore our review should be under the abuse of discretion standard. As we stated in *Nichols v. Prudential Insurance Co. of America*, our Court has not yet definitively adopted or rejected the substantial compliance doctrine. 406 F.3d 98, 109-10 (2d Cir. 2005). We need not decide the issue of substantial compliance in the instant case, however, because we conclude, as did the district court, that CLICNY's denial of benefits is properly upheld, employing either *de novo* or abuse of discretion review.

As the district court found below, CLICNY afforded Duncan a full and fair review of his initial claim for disability benefits under the "own occupation" standard in 2003 and subsequently under the "any occupation" standard from 2005 through 2008,[1] and it fairly considered his two administrative appeals subsequent to 2008. On the first administrative appeal, CLICNY's medical director Dr. Seiferth reviewed surveillance reports and videos, reports submitted by Duncan's health

---

[1] CLICNY initially denied Duncan benefits under the "any occupation" standard in August 2005, but on Duncan's second appeal of the 2005 denial CLICNY reversed its decision and reinstated Duncan's benefits, applying them retroactively to September 2005. The current appeal stems from CLICNY's 2008 denial of benefits.

care providers, prior reports and medical charts, and the assessment of Dr. Benatar, an independent medical examiner hired by CLICNY to evaluate Duncan's physical disabilities. To evaluate the second administrative appeal, CLICNY hired an independent peer reviewer, who considered additional medical records submitted by Duncan, MRI images, previous medical evaluations, and the surveillance videos. Under either *de novo* review or an abuse of discretion standard, there is substantial evidence to support CLICNY's denial of benefits.

Duncan argues that because CLICNY denied his claim in 2008 after reinstating Duncan's long-term benefits in 2007, our decision in *Connors v. Connecticut General Life Insurance Co.*, 272 F.3d 127 (2d Cir. 2001), suggests that less weight should be afforded to the evidence presented by the plan administrator. The instant case does not present the same circumstances as those at issue in *Connors*, however, where the administrator of an ERISA plan abruptly shifted from providing total disability benefits for 54 months to terminating benefits in the absence of evidence of any significant change in the claimant's condition. Here, CLICNY has consistently challenged Duncan's total disability under the "any occupation" standard: CLICNY denied Duncan's long-term disability benefits in 2005 once he was no longer eligible under the "own occupation" standard, then reinstated the benefits in 2007 after Duncan appealed the denial and submitted additional documentation from doctors and other medical experts; CLICNY subsequently denied the benefits again in 2008 once it was able to perform surveillance and have its own independent medical reviewer evaluate Duncan. This case is thus not analogous to *Connors.*

Finally, Duncan alleges that CLICNY violated his religious freedom by "target[ing]" his religious activities. Duncan fails to allege that CLICNY is a state actor, and in any case, conducting surveillance while Duncan performed his pastoral duties as a Jehovah's Witness did not violate his

4

religious freedom. CLICNY's focus was not on Duncan's religious activities, but rather on his ability to walk for prolonged periods, carry items, and drive longer distances. The surveillance videos show far more than the periodic church attendance at issue in *Balsamo v. Chater*, which we held was not substantial evidence that the claimant could perform sedentary work. 142 F.3d 75, 81-82 (2d Cir. 1998).

***

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk